[Louisville & Nashville Railroad Co. v. Grimes.]

# Louisville & Nashville Railroad Co. *v.* Grimes.

## *Injury to Passenger.*

(Decided November 14, 1913.   63 South. 554.)

1. *Carriers; Passengers; Putting Down at Wrong Destination; Complaint.*—Where the complaint alleged that the complaining passenger had purchased· transportation from Johns to Birmingham, and was put off at Bessemer, it sufficiently appears that Bessemer was an intermediate point, and the complaint was not rendered demurrable for a failure to allege such facts in terms.

2. *Same; Evidence.*—Where the suit was by a passenger against a carrier for compelling a passenger to alight short of his destination, the testimony of another passenger that the conductor directed all to get off at the intervening point at which plaintiff claimed he was required to alight, was admissible as part of the res gestæ, whether such other passenger heard the conductor direct plaintiff to alight or not.

3. *Same.*—Where there was no allegation of wantonness in the complaint of a passenger for being required to leave the train before reaching his destination, evidence that the train was an accommodation train very much crowded, and that passengers along the route were notified that a stop would be made at the place were plaintiff was required to alight, and that the train would then double back to S. and get the passengers, who could not be accommodated, etc., was not admissible.

4. *Same.*—Although no wantonness or willfullness was charged in the complaint for requiring the passenger to alight at the wrong destination on a cold rainy night, evidence that plaintiff had a child in his arms when he got off the train was admissible as a circumstance bearing on how plaintiff should have conducted himself after alighting, and whether he should have sought shelter at the place where he alighted instead of going to his destination by trolley.

5. *Same.*—Where it was shown that defendant's waiting room was not lighted or comfortable, and that it was raining, evidence that plaintiff had to be in the rain after being required to alight from the train, was admissible as bearing on the issue whether plaintiff should· have remained in the depot or sought shelter by going through the rain to more comfortable quarters, or for the purpose of taking a trolley to his destination.

6. *Same.*—Where plaintiff and certain children were traveling together at the time he was compelled to alight short of his destination in the rain, evidence that the children got wet tended to show that plaintiff also got wet, and was not therefore irrelevant.

7. *Trial; Reception of Evidence; Rebuttal.*—Where plaintiff proved over defendant's objection that the station where he was required to

alight was not lighted and had no fires, defendant was entitled to show in rebuttal that the depot was lighted, and had fires therein.

8. *Same; Argument of Counsel.*—Where the action was for damages for requiring a passenger to alight short of his destination, argument of plaintiff's counsel relative to the delay of the train by the carrier, that if a third person had delayed the train an hour or two, the company would have had detectives on his trail, and if he did not watch out they would get him, was improper.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by W. A. Grimes against the Louisville & Nashville Railroad Company to recover damages for setting plaintiff down at the wrong destination. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under authority of Acts 1911, p. 450, § 6. Reversed and remanded.

Count 1, after stating the relation as that of carrier and passenger for hire, alleges that plaintiff was a passenger traveling from Johns to Birmingham, in Jefferson county, Ala., had paid his fare, and that defendant's agents or servants in charge of said train, while acting within the line and scope of their agency or employment, did then and there at, to wit, the city of Bessemer, wrongfully put the plaintiff off of said train, and that, as a proximate consequence of the said wrongful ejection of plaintiff, he suffered damages which are stated. The second count, after stating the same relation and damages and the payment of fare from Johns to Birmingham, alleges that defendant's agents or servants, in charge of said train, while acting within the line and scope of their authority as such, refused or failed to run such train on to the city of Birmingham and then and there at the city of Bessemer wrongfully ejected plaintiff from said train. The demurrers raise the proposition that the two causes of action are stated in the same count, and that it does not appear where said Bessemer was situated with reference to said Johns

and said Birmingham. The pleas interposed by defendant were: The general issue. And two special pleas to which demurrer was sustained.

The case made by the plaintiff was that he bought a ticket from Johns to Birmingham, having with him two small children, and that when the train reached Bessemer, about ten miles short of his destination, he was compelled to leave the train there, with his children, and that the day was a cold, raw, rainy day, and that insufficient accommodations were provided at Bessemer, and he suffered inconvenience, etc. Testifying for plaintiff, the witness Cooper stated: "That what occasioned us all to get off at Bessemer, the conductor told us all to get off." Whereupon plaintiff propounded the following question: "Told you to get off? Answer: Yes, told me to get off. I don't know what he told Mr. Grimes; told me to get off." Defendant moved to exclude the answer as to what the conductor told him. It was further shown by this witness that there was no fire in the depot, and he did not see any lights in the depot, and that Mr. Grimes had two children with him, one of them in his arms, all of which was objected to by defendant.

The case made by the defendant was that the train was an accommodation train and was very much crowded with passengers, and that passengers along the route were notified that a stop would be made at Bessemer, and that the train would double back to Sumter, so as to get the passengers who could not be accommodated, and that the passengers would have a wait of about an hour at Bessemer before being carried into Birmingham.

The argument of counsel excepted to was as follows: "If you delay a train an hour or two, they will have All

and Brooks and all the detectives on your trail, and if you don't watch out they will catch you."

Charge 8 was as follows: "The court charges the jury that, if you should find for plaintiff, you cannot consider the physical condition of his child in estimating the amount of damages you shall award him."

TILLMAN, BRADLEY & MORROW, and E. L. ALL, for appellant. Count 1 was subject to the demurrer interposed. Counsel discuss assignments of error relative to evidence, but without citation of authority. Under no theory of the case could damages to the children be material in this case.—*B. R. L & P. Co. v. Bebee,* 140 Ala. 279; *S. & N. R. R. Co. v. Williams,* 61 Ala. 635; *B. R. L. & P. Co. v. Baker,* 161 Ala. 135. Evidence having been introduced that the depot was not lighted and there was no fires in it, it was competent for defendant to show the condition of its waiting room at the time and place complained of, first, as a matter of rebuttal, and second, as showing that plaintiff might have minimized his damages by going into the same if it was comfortable and in good condition.—*Ga. Pac. v. Fullerton,* 79 Ala. 302; *Werten v. Coosa & Co.,* 169 Ala. 258. The argument of counsel objected to was erroneous.—5 Atl. 838; *B. R. L. & P. Co. v. Drennen,* 57 South. 177; *Florence, etc. v. Fields,* 104 Ala. 471; *L. & N. v. Orr,* 91 Ala. 548. Counsel discuss other assignments of error, but without further citation.

GOODWYN & ROSS, for appellee. The first count was sufficient.—*Armstrong v. Mont. St. Ry.,* 26 South. 349; *R. R. Co. v. Martin,* 117 Ala. 367. It was competent for plaintiff to show that he had a child in his arms at the time he was required to alight.—*A. G. S. v. Sellers,* 9 South. 375. This authority covers nearly all the assign-

ment of errors relative to the evidence. Defendant had already invoked and obtained the ruling of the court in its behalf when plaintiff's counsel asked the witness Cooper the same question, and was therefore, not in position to complain that plaintiff objected to questions relative to the condition of the depot and waiting room at that time and place.—*W. U. T. Co. v. Griffith*, 50 South. 91; *Lucas v. State*, 144 Ala. 67. Counsel discuss other assignments of error, but without further citation of authority.

ANDERSON, J.—It may be true that count 1 of the complaint does not expressly state that Bessemer is between Johns and Birmingham, yet it charges that the plaintiff was put off at Bessemer while going from Johns to Birmingham. If he was put off at Bessemer while going from Johns to Birmingham, Bessemer must have been an intermediate point and not beyond Birmingham, the plaintiff's destination. There was no error in overruling the demurrers to this count.

There does not appear to have been any objection to the question to the witness Cooper which may have brought from him the statement that "the conductor told us all to get off at Bessemer." Moreover, there was a conflict in the evidence as to whether the conductor told the passengers to get off at Bessemer or that they could get off and await the return of the train or remain on said train. The fact that the conductor told Cooper and others to get off when the train reached Bessemer, whether they or any of them heard him tell the plaintiff to do so or not, was corroborative of the plaintiff's version and was a part of the res gestæ.

The trial court did not err in declining to let the defendant show the great number of people along the line and the reasons for doubling back, as this did not justi-

fy the defendant in ejecting or ordering the plaintiff to leave the train at Bessemer, as the gravamen of the plaintiff's action was not for a delay but for causing him to leave the train before reaching his destination. Nor was it admissible to refute wantonness as such conduct was not charged in either count of the complaint.

There was no error in permitting the plaintiff to show that he had a child in his arms when he got off the train. —*A. G. S. R. R. Co. v. Sellers,* 93 Ala. 9, 9 South. 375, 30 Am. St. Rep. 17. It may be true that in this case it was held that such evidence was admissible as an aggravation of the willful wrong, and there is no willful wrong charged in the present case; yet we think this evidence was legitimate to show that the plaintiff was incumbered and was a circumstance for the jury as to how he could and should conduct himself after alighting and whether or not he should have gotten shelter at Bessemer or gone on to Birmingham on the trolley. Moreover, the trial court charged out any right to recover for mental anguish on account of any anxiety about the child.

There was no error in permitting the witness to prove that he had to be in the rain after leaving the defendant's train at Bessemer. There was evidence that the waiting room was not lighted or comfortable, and the condition of the weather was a circumstance to be considered by the jury in determining the damages this plaintiff may have sustained in seeking shelter or in getting from the train to the trolley car which he took to Birmingham. Of course, he should not have heedlessly aggravated his damages by going in the rain if he could have avoided it, but Cooper had already testified that the depot was not lighted, and he did not see any fire and it was, at least, a question for the jury as to whether or not the plaintiff should have remained in

[Louisville & Nashville Railroad Co. v. Grimes.]

the depot or could seek better shelter by going through the rain to more comfortable quarters or for the purpose of getting a trolley car for Birmingham.

As to whether or not the children that the plaintiff had with him got wet was but an indirect way of showing that it was raining and the plaintiff got wet, but, even if this was improper, the prejudicial effect of it was charged out by instructions to the jury that the plaintiff could not recover any damages growing out of his solicitude or anxiety for his children. They were traveling together, and it was difficult to prove that one got wet without creating a very strong inference that they all got wet.

There was manifest error in not permitting the defendant to show that the depot was lighted and had fires. It was not only competent evidence to be considered by the jury in fixing the plaintiff's damages and in passing upon the action and conduct of the plaintiff in going out in the rain or seeking other shelter. Moreover, it was directly in rebuttal of the evidence that the plaintiff brought out by Cooper that the depot was not lighted and he saw no fires. It may be true that the defendant's counsel objected to this evidence of Cooper, but the court overruled the objections, and the defendant then had the right to contradict the same.

The part of the argument of plaintiff's counsel that was excepted to was not warranted by the evidence or by legitimate conclusions to be deduced therefrom and should have been excluded upon objection of the defendant. Whether or not the condition of the record shows such action or failure to act, on the part of the trial court, as to amount to reversible error in this respect we need not decide, as this cause is reversed for other reasons. It is sufficient to say that such argument is

not to be commended and should not be indulged in upon the next trial.

Charge 8 refused the defendant was sufficiently covered by some of defendant's given charges. The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD, and DE GRAFFENRIED, JJ., concur.