(79 South. 360)
TENNESSEE COAL, IRON & R. CO. v. BUNN. (6 Div. 755.)

(Supreme Court of Alabama. June 20, 1918.)

1. CORPORATIONS 503(1) — ACTION — VENUE.
Under Code 1907, § 6112, a corporation may be sued in any county in which it does business by agent, as a county where it has a place of business.

2. MINES AND MINERALS 125—INJURY TO LAND—DÉBRIS—PLEADING.
In an action for damage to land by floating down upon it water, mud, and rock from an ore washer, complaint *held* to show that defendant had added to the injury of the land during the year preceding suit.

3. MINES AND MINERALS 124—INJURY TO LAND—PRECEDING ACQUIESCENCE.
Right to recover injury to plaintiff's land, during year preceding suit, from floating down water, muck, and rock from an ore washer, was not barred, being different from other like injury, acquiesced in by plaintiff, during the preceding ten years.

4. MINES AND MINERALS 125—INJURY FROM DÉBRIS—INSTRUCTION.
In action for injury to land from floating down upon it water, muck, and rock from an ore washer, defendant's requested charge that if the jury believed the evidence they could not award damages for the pollution of water running through plaintiff's land *held* properly refused as tending to mislead.

5. MINES AND MINERALS 125—INJURY TO LANDS—DAMAGES.
In action for injury to land by deposit of water, muck, and rock from ore washer, where evidence went to show damages from crop destroyed, affirmative charge asked by defendant on ground that measure of damages for temporary injury to lands is difference in rental value, plus expense of restoration, a point to which no evidence was addressed, was properly refused.

6. EVIDENCE 472(2)—OPINION—DAMAGE—VALUE OF LAND.
In an action for injury to land by deposit of water, muck, and rock from an ore washer, testimony, detailing the injuries to the land, and stating its value before and after, leaving the jury to infer the damages to be assessed, *held* admissible.

7. MINES AND MINERALS 124—INJURY TO LAND—RESPONSIBILITY.
If plaintiff's land was damaged solely by the acts of defendant in depositing water, muck, and rock from an ore washer, defendant was responsible for the whole of the damage.

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. APPEAL AND ERROR ⚌1066—HARMLESS ERROR—INSTRUCTION.**

Part of the court's oral charge, abstract in view of the tendencies of the evidence, but laying down a correct proposition of law, *held* harmless.

Anderson, C. J., and McClellan, J., dissenting.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by J. W. Bunn against the Tennessee Coal, Iron & Railroad Company, for damages to land. Judgment for *plaintiff*, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Plea 4 is as follows:

"The damages complained of arose from the operation of defendant's ore washes situated on a creek above plaintiff's land, which creek flows through plaintiff's land, whereby deposits were made by said washes in said creek, and carried down on plaintiff's land, and defendant avers that said washer has been in operation on said creek by said defendant continuously, openly, uniformly, and notoriously for a period of more than ten years prior to the filing of this suit, to the knowledge and with the acquiescence of plaintiff; that during said period said deposits and overflow have thereby openly, continuously, notoriously, and uniformly been made on plaintiff's said land, to the knowledge and with the acquiescence of plaintiff to the same extent and with the same result as the overflows and deposits complained of in plaintiff's complaint."

The following charges were refused to defendant, and are set out in the following assignments:

(7) General affirmative charge.

"(8) If you believe the evidence, you cannot award plaintiff substantial damages.

"(9) If you believe the evidence, you cannot award plaintiff damages for the pollution of Shade's creek."

"(11) If you believe the evidence, you cannot award plaintiff damages for the pollution of water running through plaintiff's land."

The following assignments of error relative to evidence are noted in the opinion:

(21) Overruling defendant's objection to the following question asked plaintiff: "With the conditions you had on it in March, 1907, what would it be worth?"

(22) Answer: "I think the land would be worth $3 an acre les'.."

(26) Overruling defendant's objection to the following question asked plaintiff's witness Vining: "In March, 1917, what was it worth?"

(27) Answer: "Of course it would not be worth as much. Five dollars an acre I suppose is a reasonable price the way the mud has washed on it."

(30) Overruling defendant's objection to the following question to plaintiff's witness Kimbrell: "What was the land worth in March of this year, say the 1st of March this year, no muck having run in since 1915?"

(31) Question to same witness: "Has that land decreased in value in the neighborhood, or increased?"

(32) Question to same witness: "With the muck on the land like you saw it in March, 1917, what was the land worth, the whole tract of land, the 400 acres, with the creek in the condition it is in, just as you saw it the 1st of March this year?"

The court's oral charge excepted to in assignment 35 is as follows:

"If you believe the property of plaintiff was damaged and damaged solely by the acts of the Tennessee Company, then the Tennessee Company would be responsible for all of it."

Percy, Benners & Burr and D. K. McKamy, all of Birmingham, for appellant. Pinkney Scott, of Bessemer, for appellee.

SAYRE, J. [1] It was alleged in the complaint that defendant, appellant, was a corporation having one of its places of business in the county of Jefferson where the suit was brought. This allegation of the complaint the plea in abatement did not deny. The statute (section 6112 of the Code) provides that "a foreign or domestic corporation may be sued in any county in which it does business by agent," with an exception which is of no consequence in this connection. The language of the statute demonstrates the propriety of the court's action in sustaining the demurrer to the plea.

[2, 3] Appellee sued appellant for wrong and injury done to his land by defendant's maintenance and operation of an ore washer on Shade's creek above appellee's land. It is alleged that defendant had—

"deposited or had floated down on plaintiff's said lands a large body of water and muck, or water and mud, rock, and other débris, which has formed a large pond, overflowed a large part of the plaintiff's fields and lands which he had under cultivation, which deposits were made by washers situated on the defendant's lands above this plaintiff's said lands, and which said water, muck, mud, and other foul substances have floated down a small stream of water on plaintiff's said lands, and maintained by the defendant as a nuisance, for, to wit, one year next preceding the filing of this complaint; that, owing to and as a proximate consequence thereof plaintiff lost the use of his residence, was deprived of his lands for farming purposes and other domestic uses, for stock raising, truck farming, rental profit, and his lands have been greatly and permanently damaged and deteriorated in the value of the same; he has lost timber by the same having soured and died from the effects of said mud and muck and foul vapors; he has been deprived from the ingress and egress to and from parts of his farm, which inconvenienced him in the use of the same."

Defendant in special pleas 3, 4, and 5 answered this complaint by alleging, to state the substance of the pleas, that for more than ten years it had openly, notoriously, uniformly, and continuously to the knowledge and with the acquiescence of plaintiff caused plaintiff's said lands to be overflowed and deposits made thereon in the same manner, to the same extent, and with the same results as alleged in the complaint. The complaint, in our opinion, showed that defendant had added to the injury of plaintiff's estate during the year preceding the commencement of the suit. For that increment of injury defendant, on the allegations of the complaint, was answerable, whatever else of permanent injury defendant may

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

have caused during the preceding period of ten years. The demurrers to the pleas in question were therefore correctly ruled in favor of the plaintiff. Sloss-Sheffield S. & I. Co. v. Morgan, 181 Ala. 587, 61 South. 283; Stouts Mountain C. & C. Co. v. Ballard, 195 Ala. 283, 70 South. 172.

[4] The evidence tended to sustain the allegations of damage done during the year preceding the suit, and the charge set out in the thirteenth assignment of error was properly refused to defendant. It tended to mislead. Construed as defendant no doubt construed it and as the jury might have construed it, its meaning would have been that plaintiff could not recover at all, for all the damage complained of came about through such pollution of the stream as was charged in the complaint. But that pollution, according to the complaint and according to tendencies of the evidence for plaintiff, consisted of "mud, muck, and other foul substances," which were carried down the stream and settled upon plaintiff's land, overflowing fields under cultivation, whereby, among other things, plaintiff lost the use of his residence, was deprived of his lands for farming and domestic uses, and his timber soured and caused to die—all this the result of pollution in a way and occurring within one year next preceding the filing of the complaint. The loss of crops, trees, and other damage thus suffered within the year next preceding the filing of the complaint were not, and could not be, the same loss of crops, trees, and other damage of like kind suffered during ten other years preceding the year in which the complaint was filed. They were therefore not barred, as the charge would have led the jury to believe, and the charge was properly refused.

[5] Charges set out in the seventh, eighth, ninth, and eleventh assignments of error were properly refused. Appellant states this proposition: The measure of damages for temporary injury to lands is the difference in rental value, plus the reasonable expense of restoring the premises to their former condition, citing Sloss-Sheffield S. & I. Co. v. Mitchell, 161 Ala. 278, 49 South. 851, and the same case on another appeal, reported in 181 Ala. 576, 61 South. 934. And upon this, along with the fact that there was no evidence addressed specifically to the point that there had been a reduction in the rental value of plaintiff's land, defendant, appellant, contends that the general affirmative charge should have been given at its request, or, at any rate, that the jury should have been instructed that plaintiff could recover no more than nominal damages. What was said in the case cited must be read in connection with the character of damages there claimed. Damages in that case were claimed for the actual loss of rents and for general impairment and depreciation of rental value,

and it was with reference to these specific claims for damages that the court used the language which appellant has reproduced in its brief. Here appellee's claim contained damages of a different sort, for one thing, damages for a crop destroyed by the flooding of his land, and the evidence went to sustain an assessment of substantial damages on that account.

[6] No erroneous rulings are shown by those assignments of error (21, 22, 26, 27, 30, 31, and 32) relating to questions of evidence which are noticed in the brief for appellant. The trial court followed the rule stated in Central of Georgia R. R. Co. v. Barnett, 151 Ala. 407, 44 South. 392, and repeated in T. C., I. & R. R. Co. v. McMillion, 161 Ala. 130, 49 South. 880, where it was said, in effect, that while witnesses cannot fix the quantum of damages they may detail the injuries, and state the value of the thing damaged before and after the injury, leaving the jury to draw for themselves the inference as to the damages to be assessed.

[7, 8] No error is shown by the exception to a part of the court's oral charge, assignment of error 35. The proposition of the charge was clearly correct. If the charge was abstract in view of tendencies of the evidence, still it laid down a correct proposition of law, and it is not perceived how its statement to the jury could have prejudicially affected the appellant.

Let the judgment be affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

ANDERSON, C. J., and McCLELLAN, J., dissent. They think that defendant's special plea 4 (which will be set out by the reporter) conforms to the rule laid down in the case of Stouts Mountain Co. v. Ballard, 195 Ala. 283, 70 South. 172, and that the demurrer thereto should have been overruled.