(100 South. 135)

## TENNESSEE COAL, IRON & R. CO. v. WILHITE. (6 Div. 101.)

(Supreme Court of Alabama. April 24, 1924.)

**1. Waters and water courses ⬤➝77—Complaint for pollution of stream held not demurrable.**

A complaint for pollution of stream alleging same was done "in the year 1919 and continuously since said time" *held*, under Code 1907, § 5321, to sufficiently allege time of injury, and not to be otherwise demurrable. (Per Miller, J., and Anderson, C. J.)

**2. Damages ⬤➝142—Matters of special damages must be specifically pleaded.**

Matters of special damages to be recoverable must be specifically pleaded. (Per Miller, J., and Anderson, C. J.)

**3. Waters and water courses ⬤➝77—Testimony and instruction as to damages from overflow held not within complaint for pollution.**

In action for pollution of stream, where complaint contained no averment of flooding of plaintiff's land or deposits of sediment thereon, it was error to permit plaintiff to testify as to overflow and resulting deposits of noxious matter, and to instruct that plaintiff was entitled to recover for such deposits if made. (Per Miller, J., and Anderson, C. J.)

**4. Damages ⬤➝163(4)—Claimant must show injury and its extent in money.**

The burden is upon one claiming damages to his land to show injury and make some proof from which the jury could measure damages in money. (Per Miller, J., and Anderson, C. J.)

⬤➝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Nuisance ⬥50(2)—Damages to realty from noxious odors difference in value.**

The measure of damages for noxious and disagreeable odors disturbing the use of one's home is the difference in value of the property with and without such odors. (Per Miller, J., and Anderson, C. J.)

**6. Evidence ⬥121(11)—Evidence. of certain matters, in action for pollution of stream held admissible as part of res gestæ.**

In action for pollution of stream by coal company, evidence that same was covered with chemicals and oil so thickly that it could be set fire to, *held* part of res gestæ and admissible. (Per Miller, J., and Anderson, C. J.)

**7. Waters and water courses ⬥77—Evidence as to dying of trees on other property and overflow held inadmissible in action for pollution of stream.**

In action for pollution of stream, testimony as to the gradual dying of trees along the stream above plaintiff's property and as to overflows by it there *held* improperly admitted as shedding no light on issue. (Per Miller, J., and Anderson, C. J.)

**8. Trial ⬥210(2)—Instruction as to effect of false testimony held improperly denied.**

In action for pollution of stream, instruction that, if jury were satisfied plaintiff had willfully sworn falsely as to material fact, it might in its discretion ·discard his testimony, *held* improperly denied.

**9. Trial ⬥120(2)—Argument of counsel held improper as not supported by evidence. .**

In action for pollution of stream by coal company, argument of plaintiff's counsel, "Holbrook [one of the jurors], if you put one gallon of poison in that stream they will fix your clock, but this corporation does it continuously," unsupported by the evidence, *held* improperly permitted by the court. (Per Miller, J., and Anderson, C. J.)

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action for damages by A. Wilhite against the Tennessee Coal, Iron & Railroad Company, for pollution of a running stream. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The complaint as originally filed is as follows:

"The plaintiff claims of the defendant the sum of $1,000 damages; avers that the plaintiff has for many years next preceding this suit, to wit, six years, owned an interest in and occupied lots 25 and 26 in block No. 2, South Corey, Rutledge Springs, situated in Jefferson county, Ala., on which he has his dwelling and lived and now lives with his family; said dwelling and lands aforesaid are situated on the banks of 'Possum creek, a body of clear creek water, suitable for domestic uses; plaintiff avers to wit, in the year 1919, and continuously since said time, defendant had in operation its plant, from which plant defendant by ditch or drainage emptying into said 'Possum creek above the plaintiff's said aforesaid land and dwelling dumped human excrement, coal washing, coal ashes, cinders, and poisoned foul matters which is dumped into and is washed down to said creek to plaintiff's premises, which makes and creates noxious smells and foul vapors, and the plaintiff avers that defendant has had said plant in constant operation constantly occupied for and during said time; in consequence of the aforesaid unreasonable and unlawful use of the said creek by the defendant, the water flowing in the said creek has been constantly poisoned, corrupted, and polluted, and which has made it wholly unfit for domestic use of any kind, and plaintiff's well poisoned, his well ruined, and large deposits of ashes, débris, and poisonous substances and offensive matters, has been left deposited along the banks of the said creek near his well and dwelling, and the plaintiff says that in consequence of the wrongful and unlawful use of the said waters by the defendant unwholesome and noxious vapors and odors such as to render the dwelling unfit ·for occupancy, and so unhealthy as to destroy the comfortable use to the plaintiff, and the plaintiff says and avers that the said creek has been converted into a nuisance, making his dwelling unfit for occupancy of any kind with comfort, having thereby diminished said property in value, plaintiff and his family made sick, tortured, and tormented, and the plaintiff avers that prior to the wrong and unlawful use of the said creek aforesaid by the defendant said dwelling was valuable in rents and comfortable for occupancy, said creek was clear and good for domestic use, all to his great damage in the sum aforesaid."

It was thereafter amended thus:

"Comes the plaintiff and amends his complaint by inserting the word 'one-half undivided' immediately before the word 'interest' where the same appears in the complaint."

Percy, Benners & Burr, of Birmingham, and Goodwyn & Ross, of Bessemer, for appellant.

The complaint as amended was involved, complicated, and confused, not sufficiently intelligible for defendant to join issue thereon. Code 1907, § 5321; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 South. 933. It is error to permit counsel to argue matters not warranted by the evidence. L. & N. v. Grimes, 184 Ala. 413, 63 South. 554; Ala. F. & I. Co. v. Williams, 207 Ala. 99, 91 South. 879; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; Simmons v. State, 14 Ala. App. 103, 71 South. 979; Chambers v. State, 17 Ala. App. 178, 84 South. 638. The court erred in instructing the jury that there might be a recovery for items of special damages not specifically claimed in the complaint. Hanchey v. Brunson, 175 Ala. 236, 56 South. 971, Ann. Cas. 1914C, 804. The burden is upon the plaintiff to show injury and to adduce some proof of the measure thereof. B. R., L. &

P. Co v. Camp, 161 Ala. 456, 49 South. 846; T. C. I. Co. v. Franklin, 17 Ala. App. 115, 82 South. 563; Seaboard Mfg. Co. v. Woodson, 98 Ala. 378, 11 South. 733; Buist v. Guice, 96 Ala. 255, 11 South. 280; B. R., L. & P. Co. v. Harden, 156 Ala. 244, 47 South. 327; Charge B was proper, and should have been given. Ala. S. & W. Co. v. Griffin, 149 Ala. 423, 42 South. 1034; Turner v. State, 15 Ala. App. 19, 72 South. 574. Self-serving acts are inadmissible, except where same constitute a part of the res gestæ. B. R., L. & P. Co. v. Cockrum, 179 Ala. 372, 60 South. 304; Pope v. State, 168 Ala. 43, 53 South. 292.

Pinkney Scott, of Bessemer, for appellee.

The complaint is entirely sufficient. T. C. I. Co. v. Hamilton, 100 Ala. 252, 14 South. 167, 46 Am. St. Rep. 48; Mayer & Co. v. Land, 137 Ala. 545, 34 South. 613; Jones v. Woodward Iron Co., 208 Ala. 698, 94 South. 921; T. C. I. Co. v. Bunn, 202 Ala. 22, 79 South. 360. Argument of counsel was not improper. Code 1907, § 7575. Plaintiff was entitled to the affirmative charge. L. & N. v. Higginbotham, 153 Ala. 334, 44 South. 872.

MILLER, J. This is a suit by A. Wilhite against the Tennessee Coal, Iron & Railroad Company, a corporation, to recover damages suffered by him as owner of a half interest in two lots used and occupied by him and his family as a residence, situated on the bank of 'Possum creek, by reason of pollution of this stream of water by defendant, causing human excrement, coal washing, coal ashes, cinders, and poisoned foul matters to be dumped therein, which poisoned, corrupted, and polluted the water of the stream, made it send forth offensive and unhealthy odors into his home, and destroyed the comfortable use of it, made plaintiff and his family sick, and his well water was thereby ruined and poisoned. The jury returned a verdict in favor of the plaintiff, and from a judgment thereon in favor of the plaintiff by the court this appeal is prosecuted by the defendant.

[1] There is only one count in the complaint which was amended. Demurrers of defendant to it as amended were overruled by the court. The defendant insists the count is not sufficiently intelligible in the statement of the facts for the defendant to join issue thereon. The facts therein could be more clearly and precisely alleged, but they are so presented that a material issue in law or fact can be taken thereon by the defendant. Section 5321, Code 1907. The defendant claims it does not aver with any degree of certainty when the alleged wrong complained of occurred. It avers it was done "in year 1919, and continuously since said time." This would mean from "in the year 1919 and continuously since said time" up to the filing of this suit, October 14, 1922. This sufficiently averred when the wrong oc-

curred—that it was continuous from in 1919 to the filing of the suit. The facts alleged in the count as amended are sufficient to constitute a cause of action; and we find no error in the ruling of the court on the demurrers of the defendant thereto. T. C. I. & R. R. Co. v. Hamilton, 100 Ala. 252, 14 South. 167, 46 Am. St. Rep. 48; Mayor and Alderman of Birmingham v. Land, 137 Ala. 545, 34 South. 613; T. C. I. & R. R. Co. v. Bunn, 202 Ala. 22, 79 South. 360; City of Birmingham v. Prickett, 207 Ala. 79, headnote 4, 92 South. 7.

The defendant pleaded general issue, with leave to give in evidence any matter which would be competent as a defense with like leave to plaintiff in replication thereto.

The court permitted plaintiff to testify, over objection of defendant, that in high water times this creek "comes out on the lower end of my lots," the water "extends out 22 feet up on my ground," and after an overflow there is left black creosoting sediment from a shoe sole to a shoe mouth deep thereon.

The court charged the jury orally as follows, to which defendant reserved an exception:

"Even if he wasn't a riparian owner, however, if any deposits were made on his land by this defendant that were deleterious and detrimental to him in a material way, and he suffered material damages as the result thereof, he would be entitled, as the proximate result thereof, he would be entitled to recover therefor."

The defendant requested the court to give this written charge to the jury, which the court refused:

(50) "If you believe the evidence in this case you cannot award the plaintiff any damages on account of any flooding of the plaintiff's property, if the same was flooded."

The averments of the complaint bearing on this subject, appear in two places, as follows:

"Defendant by ditch or drainage emptying into said 'Possum creek above the plaintiff's said aforesaid land and dwelling dumped human excrement, coal washing, coal ashes, cinders, and poisoned foul matters which is dumped into, and is washed down to said creek to plaintiff's premises which makes and creates noxious smells and foul vapors."

And the other averment is as follows:

"And large deposits of ashes, débris, and poisonous substances and offensive matters have been left deposited along the banks of the said creek near his well and dwelling."

In City of Montgomery v. Hughes, 65 Ala. 203, this court wrote:

"It is an established rule, that all pleadings must be construed most strongly against the pleader, who is presumed most favorably for himself to state the cause of complaint, or matter of defense; and, as a consequence, when the pleading admits fairly of two constructions, the one least beneficial to him will be adopted."

See, also, Lovell v. De Bardelaben C. & I. Co., 90 Ala. 13, 7 South. 756; Brown v. Com. F. Ins. Co., 86 Ala. 189, headnote 5, 5 South. 500.

[2, 3] The complaint avers plaintiff owned one-half interest in two lots, 25 and 26 in block 2 in South Corey. It appears from the averments of the complaint that no damages are claimed for deposits on the land of plaintiff. There is no allegation and no claim in the complaint for flooding or overflowing land of plaintiff. There is no direct averment in the complaint that deposits or sediment were made by defendant on this land of plaintiff and claim of damages therefor. These are special damages; they must be particularly specified in the complaint before evidence thereof will be permitted and before recovery therefor will be allowed. The court erred in permitting proof thereof; the court erred in its oral charge permitting recovery for deposits on the land, and after this evidence was admitted the court should have given charge 50 requested by the defendant. Hanchey v. Brunson, 175 Ala. 243, 56 South. 971, Ann. Cas. 1914C, 804; T. C. I. & R. R. Co. v. Hamilton, 100 Ala. 252, 14 South. 167, 46 Am. St. Rep. 48.

Many errors are assigned on objections to questions because they call for conclusion or opinion of the witness, and many errors are assigned on charges given and refused because there was no proof of the value of the injury to the property of plaintiff from which the jury would be authorized to ascertain the amount of the damages in money. As this cause must be reversed, we will not refer specially to each of these alleged errors, but will refer to the rules for guidance of the court and parties on another trial.

[4] When property is injured by another and damages are claimed therefor, the burden rests on plaintiff as a condition to recovery of damages to show the injury to the property and to make some proof from which the jury could measure and decide the damages done in money. B'ham R., L. & P. Co. v. Camp, 161 Ala. 456, headnote 1, 49 South. 846; Seaboard Mfg. Co. v. Woodson, 98 Ala. 378, 11 South. 733; B. R., L. & P. Co. v. Harden, 156 Ala. 244, headnote 7, 47 South. 327.

[5] In M. & O. R. R. Co. v. Turner, 209 Ala. 667, 96 South. 707, this court said:

"The measure of damages for a nuisance by which the plaintiff's home has been subjected to noxious and disagreeable odors is the difference in value of the property for a home with and without such odors."

See, also, Jefferson Fert. Co. v. Rich, 182 Ala. 633, 62 South. 40; City of B'ham v. Prickett, 207 Ala. 79, headnotes 4 and 6, 92 South. 7.

Witnesses should state the facts and circumstances and the jury should draw the conclusions from the evidence.

"The general rule, of course, is that witnesses must depose to facts, and cannot be allowed to give their opinions founded on these facts, or the inferences or deductions which they draw from them. To this general rule, however, there are many exceptions, as where the subject involves expert evidence, questions as to value," etc. Cent. of Ga. Ry. Co. v. Jones, 170 Ala. 613, 54 South. 509, 37 L. R. A. (N. S.) 588.

[6] There was evidence that between October 14, 1921, and October 14, 1922, when this suit was filed, that at times this creek had greasy, oily scum on it; it was coming down there all during that year until about September. At times during this period "there was enough chemicals or oils come on that water until we can set it on fire out there on the branch. I have set it afire. I set it afire last April or May, 1922." The defendant moved to exclude that part of the evidence that is in quotations above, because they are self-serving acts, and that evidence is incompetent. The court overruled the motion, and in this there was no error. It was a part of the res gestæ. It tended to show the quantity of oil on the water and condition of the water in this creek while running in front of the house of plaintiff.

[7] Mr. Rutledge, over objection of defendant, was permitted by the court to testify that at his father's old homestead, along the banks of this stream, some distance above property of plaintiff, the "trees have been dying gradually along there I will say for four or five years," and "when the stream overflows now it leaves traces of that tar and grease over the ground." This evidence shed no light on the issue in this case, and the objection of the defendant to the question calling for it and the motion of defendant to exclude it should have been sustained by the court.

[8] The defendant asked the court to give this written charge to the jury:

"B. If you are reasonably satisfied by the evidence that the plaintiff has willfully sworn falsely as to any material fact in the case, then you may in your discretion discard his testimony."

The court refused to give this charge to the jury; it should have been given by the court. The proposition of law presented by it is sound. It is supported by so many adjudications of this court that we consider a discussion of it is not required. We will refer to only a few of them. Childs v. State, 76 Ala. 93; A. G. S. R. Co. v. Frazier, 93 Ala. 45, headnote 13, 9 South. 303, 30 Am. St. Rep. 28; Alabama S. & W. Co. v. Griffin, 149 Ala. 423, headnote 18, 42 South. 1034; McClellan v. State, 117 Ala. 140, headnote 7, 23 South. 654.

[9] The plaintiff's attorney in his argument to the jury stated:

"Holbrook, if you put one gallon of poison in that stream they will fix your clock, but this corporation does it continuously."

The defendant objected to the entire statement and the two different parts of it separately, and moved the court to exclude the entire statement and each of the two different parts of it separately from the consideration of the jury. The court overruled the objections, and refused the motions to exclude, and permitted the jury to consider it. Holbrook, the person named by the attorney, was a member of the jury. There was no evidence in the case from which any one could conclude that if he put one gallon of poison in that stream they "would fix his clock." There is no testimony in the case from which this conclusion could be reached. It should have been excluded by the court; but whether the court committed reversible error in failing to do so we will not decide, as this case must be reversed, and probably plaintiff's attorney on the next trial will abstain from such remarks to the jury. See L. & N. R. R. Co. v. Grimes, 184 Ala. 413, headnote 8, 63 South. 554.

There are 72 errors assigned in this case. We see no necessity in discussing and passing on each of them separately. The judgment must be reversed, and the questions will no doubt be framed differently on the next hearing. The complaint may be amended; the issue may be in some respects changed; and what we have written, together with the authorities cited, will be sufficient to guide the court on another trial.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., concurs in the opinion.

SAYRE and GARDNER, JJ., concur in the result, limiting their concurrence in refusal of charge B.