(96 South. 707)
## MOBILE & O. R. CO. v. TURNER.
(1 Div. 273.)

(Supreme Court of Alabama. April 26, 1923. Rehearing Denied June 21, 1923.)

1. Trespass &=56—If not malicious, only actual damages recoverable.

Where a trespass on land is not malicious and is not accompanied by any circumstances of wantonness or aggravation, only actual damages are recoverable.

2. Nuisance &=50(1)—Measure of damage difference in value.

The measure of damages for a private nuisance by which plaintiff's home is subjected to noxious and disagreeable odors is the difference

in value of the property for a home with and without such odors.

**3. Nuisance ⚭43—Complaint barred by consent.**

Where a railway company dumped creosoted pilings on plaintiff's property, which at times subjected plaintiff's home to disagreeable odors, the action of plaintiff's husband in forbidding the removal of the pilings amounted to a consent to their continued presence barring any complaint of the consequences.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

Action by Verda E. Turner against the Mobile & Ohio Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Corrected and affirmed.

Pelham & Adams, of Chatom, and C. T. Prince, of St. Louis, Mo., for appellant.

Exemplary damages are not allowable, in the absence of aggravating circumstances; not pecuniary damages, in the absence of evidence of their existence and extent. Garrett v. Sewell, 108 Ala. 521, 18 South. 737; Coleman v. Pepper, 159 Ala. 310, 49 South. 310; Jones v. Adler, 183 Ala. 435, 62 South. 777; Howard v. Taylor, 99 Ala. 450, 13 South. 121; 17 C. J. 758. The measure of damages for trespass to realty is the difference in value before and after the trespass. A. & B. Air L. Ry. v. Brown, 158 Ala. 607, 48 South. 73; Gosdin v. Williams, 151 Ala. 592, 44 South. 611; Brinkmeyer v. Bethea, 129 Ala. 376, 35 South. 996; Buck v. L. & N. R. Co., 159 Ala. 305, 48 South. 699. If no actual damages are proven, only nominal damages are allowable. Thornton v. Dwight Mfg. Co., 120 Ala. 653, 25 South. 22; L. & N. R. Co. v. Pearson, 97 Ala. 211, 12 South. 176; Seaboard Mfg. Co. v. Woodson, 98 Ala. 378, 11 South. 733; Howard v. Taylor, supra.

S. J. Gray and Wallace P. Pruitt, both of Chatom, for appellee.

In temporary injury to realty, the measure of damages is the depreciation in rental value during the time of the injury, as well as any special damages. Birmingham W. W. Co. v. Martini, 2 Ala. App. 652, 56 South. 830; Jefferson Fert. Co. v. Rich, 182 Ala. 633, 62 South. 40; B. & P. R. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 2 Sup. Ct. 719, 27 L. Ed. 739. Personal injury is not the subject of proof by a monetary standard, but must be left to the sound discretion of the jury. Yolande C. & C. Co. v. Pierce, 12 Ala. App. 431, 68 South. 563;

Vinson v. So. Bell Tel. Co., 188 Ala. 292, 66 South. 102, L. R. A. 1915C, 450. For the continuance of a nuisance, the party injured has a remedy for his damages. Bigbee Fert. Co. v. Scott, 3 Ala. App. 390, 58 South. 86.

SOMERVILLE, J. The case was tried by the court, sitting without a jury, on counts 3, 4, and 6, claiming respectively for trespass to plaintiff's land, for maintaining a nuisance as to her residence, and for a willful and malicious trespass to land.

The gravamen of the action is defendant's conduct in dumping several hundred creosoted pilings on a strip of land lying between defendant's main right of way and its side track, which strip is claimed by plaintiff as her property. The evidence fairly supports the special findings of the trial court that the strip of land in question is the property of plaintiff; that defendant trespassed on this land by placing the pilings thereon; and that plaintiff was subjected at times to a disagreeable odor from the pilings which interfered with her comfortable use of the front porch of her residence.

But we find no support in the evidence for any judgment for substantial damages.

[1] 1. The trespass was not malicious and was not accompanied by any circumstances of wantonness or aggravation, so that only actual damage was recoverable.

2. No evidence was offered from which the court could estimate the damage suffered from the trespass complained of.

[2] 3. The measure of damages for a nuisance by which the plaintiff's home has been subjected to noxious and disagreeable odors is the difference in value of the property for a home with and without such odors. Jefferson Fert. Co. v. Rich, 182 Ala. 633, 62 South. 40. The evidence supplied no basis for an estimation of plaintiff's damage in this case, and the judgment cannot be grounded on the court declaring upon a nuisance.

[3] Moreover, the testimony of plaintiff's husband, an authorized agent and spokesman, shows that after the pilings were dumped he expressly forbade their removal by defendant, thereby consenting to their continued presence, and barring any complaint of the consequences.

At most, under the evidence, plaintiff was entitled to recover only nominal damages, and the judgment for $500 will be corrected and a judgment for $1 will be here rendered for plaintiff; appellee will be taxed with the costs of the appeal.

Corrected and affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

⚭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes