WESTERFIELD & MEEKS *et al. v.* CATLETT *et al.**

(Division B. Jan. 21, 1929. Suggestion of Error Overruled March 4, 1929.)

[120 So. 458. No. 27425.]

230

*Corpus Juris-Cyc References: Building and Construction Contracts, 9CJ, section 141, p. 802, n. 21; section 149, p. 811, n. 24; Trial, 38Cyc, p. 1779, n. 76; p. 1838, n. 98. As to measure of damages for defects and omissions in performance of building contract, see annotation in 39 L. R. A. (N. S.) 591.

*Howie, Howie & Latham,* for appellants.

*Powell, Harper & Jiggitts,* for appellees.

ETHRIDGE, P. J. In March, 1927, a contract was entered into between the appellants and the appellees for the recovering of a dwelling house occupied by the appellees. The contract called for the removal of all wood shingles from said residence, to sheet the roof solid, and cover the entire roof with slate surface three-ply roll roofing, applied according to manufacturer's directions, all work to be performed in a first class workmanlike manner; the dwelling house being situated in Madison county about seven miles from Canton, Miss.

The appellees agreed to pay for said performance of the contract three hundred seventy-five dollars, upon completion of the work, when a check should be received from the insurance company; the dwelling being insured against storms in favor of the appellees.

The appellants undertook to perform their contract, and, after they had completed it according to their ideas, they presented an instrument in writing, accepting the work done.

The first rain that fell after the completion of the work developed leaks in the roof, and the appellants were notified thereof, and undertook to repair such roof to prevent the leaks; but subsequently the roof leaked badly,

and the appellants did not undertake to correct such leaks. After waiting several months, the appellees let the contract to another concern, who put on a new roof at a charge of four hundred twenty-nine dollars; and this suit is brought to recover the money so paid for such roof, and for damages to the building and furniture, the wall paper, and other things, injured by the leakage of the original roof.

There was a trial, and a verdict for seven hundred fifty dollars, from which judgment in favor of the appellees this appeal was taken.

It was developed in the proof that the building was owned by Miss Lucy Catlett and Miss Gertrude Catlett, and that the other plaintiff, Mrs. Margaret Catlett Rees, did not own the building, but that she signed the contract, and lived with the young ladies in the house. There was no plea of misjoinder of plaintiffs filed, as is required by the statute; and there is no merit in the contention that the judgment must be reversed because of the lack of ownership in this building by Mrs. Rees. She was a party to the contract with the appellants, and lived with the owners of the building, occupied it, and was subject to the annoyances resulting from the leaking roof, defectively put on by the appellants.

Of course, there was a conflict as to whether or not the work was defective, but the jury's verdict on this conflict in the evidence resolved the facts in favor of the appellees.

It is urged that the declaration is insufficient, in that it was a suit for damages to personal and real property because of the alleged breach of the contract, and that the declaration did not sufficiently specify the damage to each item.

We think the declaration is sufficient, and, if a bill of particulars were needed to furnish the information, the question should have been raised by motion for a bill of

particulars; and, if that was not sufficient, to have it made more certain.

It is also contended that there should have been no recovery beyond the cost of the roof, or the repairing of the roof, and that the verdict should not have exceeded four hundred twenty-nine dollars. We think it clear that the appellants were not only liable for the expense of putting on the proper roof, but for damages resulting to the building, and the contents thereof, because of the defective roof.

We also think that the instructions, taken together, announce the law fully and correctly, applying the rule that they are to be taken as a whole, one as supplementing or modifying another; and, as so taken, they constitute a sufficient announcement of the law applicable to the case.

We do not think that the appellees were bound by the writing to accept the work, for the reason that the proof abundantly shows that the workmanship was, in fact, defective, and that the appellant had better means of knowing this fact than the appellees; the latter not being experienced in such undertakings, and the appellants being experienced contractors, constantly dealing with this kind of work.

It is also contended that the proof is insufficient to establish the extent of the damage to the building and its contents. The proof on the part of the plaintiffs disclosed the facts as to the leakage, and the facts as to the nature and extent of the injury, unless it could be said that their evidence did not specify the exact amount, or approximately the exact amount, of the damage, or the value of the property before the injury thereto, and the value thereafter. In fixing value of, or damage to, property, where there is not a fixed market value, it is competent for the evidence to show the nature and character of the injury, the condition of the property, and to give an estimate, based upon experience or judgment;

and the jury will take all the facts and surroundings, the character and condition of the property, and bring to bear thereon their own experience, and themselves fix the value of the property, or the damage thereto.

In the case of *Salter et al.* v. *Jennings Furniture Co.*, 144 Miss. 194, 109 So. 704, it was held that the jury, in fixing the value of secondhand furniture, for the purpose of rendering judgment on the forthcoming bond therefor, given in an action under the Code for the purchase money therefor, are not bound down to sums fixed by witnesses as to value, nor that of the sheriff, as fixed in his returns, but may consider the evidence as to the property's condition and appearance, and their own knowledge gained by experience and observation, and deduce from the whole what, in their judgment, was its value at the time of its seizure and the execution of the bond.

In that case the verdict of the jury did not correspond to the value as fixed by the sheriff's returns, nor with the value as fixed by the witnesses; but the court held that, having all these things as data before them, they could apply their own judgment and experience, and find from the whole the value of the property.

In *Dyer* v. *Hobert* (Miss.), 117 So. 244, the court had before it a case involving the amount of damage to an automobile, caused by a collision with a truck of the appellant, Dyer. The court held in that case that, in questions involving value, witnesses may testify as to opinions based on experience, although not experts, and the testimony of a person as to the amount that the automobile was damaged in the collision, together with the facts as to the nature of the injury, were sufficient to support a verdict.

In questions of value where there is no market value, but depending upon the character and use of property, and its condition, etc., the law has, of necessity, relaxed the rule of strict, definite, specific proof, and has au-

thorized the jury to take all the available facts pertinent to the question, and apply their common sense and experience to such facts, and therefrom deduce the value of the property or the extent of the damages or injury. This, in fact, appears to be the only practical test to be applied in many cases, because, from the very nature of the situation and condition of the subject-matter, no other safe or satisfactory method is available to determine such questions.

We therefore think that the judgment should be affirmed.

*Affirmed.*