153 So. 629

## ALABAMA POWER CO. v. STRINGFELLOW.
### 6 Div. 346.

Supreme Court of Alabama.
March 8, 1934.

Rehearing Denied April 5, 1934.

424

Harwood & McQueen, of Tuscaloosa, and Martin, Turner & McWhorter and J. C. Blakey, all of Birmingham, for appellant.

Tom B. Ward & J. M. Ward and C. W. Gross, all of Tuscaloosa, for appellee.

ANDERSON, Chief Justice.

Action by the plaintiff against the defendant for damages as for a diminution in the selling and rental value of his home because of the maintenance of a private nuisance by the defendant on an adjacent or nearby lot.

The defendant contends that count 3 was subject to its demurrer upon the idea that it did not charge that the defendant's plant or station was improperly constructed or negligently operated. It is also insisted that the trial court erred in sustaining plaintiff's demurrer to its special pleas 2 and 3.

■■ The demurrers and pleas proceed upon the theory that, as the substation was lawful and not negligently operated or maintained, it was damnum absque injuria and was not a nuisance. This might be true under the English rule, or under our own rule as to what would constitute a public nuisance, but we are here dealing with a private nuisance and which is actionable under the American doctrine though not otherwise unlawful and in the absence of negligence in the operation or construction of same. Hence the trial court did not err in overruling the defendant's demurrer to count 3 of the complaint and in sustaining the demurrer to defendant's special pleas 2 and 3.

The English case of Heath v. Brighton Corp., 98 L. T. (N. S.) 718, 72 J. P. 225, 24 Times L. R. 414, is not apt since, as above pointed out, its doctrine does not obtain in America (Joyce on Law of Nuisances, §§ 68 and 69), while the Alabama cases cited and relied upon relate to public as distinguished from private nuisances (Code 1923, § 9271, and cases cited in note).

As we understand, the damnifying charges are that the substation was ugly and unsightly, was dangerous, and the noise therefrom disturbed the comfort and enjoyment of the plaintiff's home, and that the operation of the station interfered with his radio service.

■ The trial court charged out, and properly so, the claim of unsightliness of the substation. 20 R. C. L., p. 446, § 61. We also think the proof failed to establish the charge that it was "dangerous to the plaintiff and the members of his family." Nor do we think that the proof showed that the operation of the service station materially affected the plaintiff's radio service. The undisputed evidence shows that plaintiff's radio was out of repair and not in a condition to properly function about the time or shortly after the erection of the substation, and the defects in same were not due to or caused by the operation of the plant. Moreover, this item was charged out by the trial court. Again, the proof shows that danger to the plaintiff's house, or the occupants, was more fanciful than real, more remote than probable.

■ This brings us to the question of noise and whether or not it was sufficient to constitute a private nuisance. It is generally recognized by the authorities that the operation of a power house for generating electricity may amount to a nuisance by reason of noise, vibration, smoke, soot, gases, and the like, rendering adjacent property less comfortable and valuable. 20 R. C. L., p. 453, § 68; Townsend et al. v. Norfolk Railway & Light Co., 105 Va. 22, 52 S. E. 970, 4 L. R. A. (N. S.) 87, 115 Am. St. Rep. 842, 8 Ann. Cas. 558, and note. "Noise must produce substantial injury. Trifling or occasional noises dependent on ordinary use of property or in pursuance of an ordinary trade or calling will not constitute a nuisance. The noise must be such as materially to interfere with and impair the ordinary comfort of existence on the part of ordinary people. The injury must be a substantial one. 'A merely sentimental disturbance is not an element of injury for which recovery can be had.'" Joyce on Law of Nuisances, § 182. The general rule as to effect of locality in determining what constitutes a nuisance applies in the case of noise. What may be a nuisance in one locality may not in another. Noises may be a nuisance in the country which would not be in a populous city. A person who resides in the center of a large city must not expect to be surrounded by the stillness which prevails in a rural district. He must necessarily bear some of the noise and occasionally feel slight vibrations produced by the movement and labor of its people and by the hum of its mechanical industries. The territory here involved is located in an unincorporated residential village or neighborhood and it was for the jury to decide whether or not the noise produced by the substation was sufficient to constitute a nuisance under the rule as heretofore announced.

■ The complaint being for injury to the home and of a permanent and continuous character, the trial court properly held that the measure of damages was the difference in the value of the home before and after the erection of the substation. Sherman Gas & Electric Co. v. Maggie P. Belden et al., 103 Tex. 59, 123 S. W. 119, 27 L. R. A. (N. S.) 237; Mobile & O. R. Co. v. Turner, 209 Ala. 667, 96 So. 707. The case of Sloss-Sheffield Steel & Iron Co. v. Mitchell, 161 Ala. 278, 49 So. 851, and others cited and relied on by appellant's counsel relates to injuries not permanent, but recurrent. We also think that the witnesses both for plaintiff and defendant disclosed such knowledge and acquaint-

ance with the subject-matter as to testify as to the value of the property before and after the erection of the substation.

Loss of sleep by the wife was not an element of damage in this case, but the fact that the noise may have interfered with her sleep was a circumstance going to the nature and extent of the noise and whether or not it constituted a nuisance.

The defendant insists that the motion for a new trial should have been granted because the verdict was contrary to certain charges of the court, particularly defendant's given charges 6, 13, and 15. These charges are somewhat inconsistent with the rulings of the trial court on the pleading and the hypothesis of same may have been established, but they also, in a sense, conflicted with parts of the oral charge, and we cannot put the jury in the attitude of ignoring or violating the plain instructions of the court. The rule laid down in the case of Fleming & Hines v. L. & N. R. R. Co., 148 Ala. 527, 41 So. 683, and followed in the subsequent cases, referred to instructions of such character as were plain and unambiguous and left no room for confusion or a misunderstanding on the part of the jury.

There was also a ground for new trial because the verdict was excessive. While we hold, regardlesss of the weight, that there was sufficient evidence to take the case to the jury as to the extent of the noise and whether or not it amounted to a private nuisance, we feel that the extent of same, and the effect it would have on the value of the home, was magnified by the plaintiff's witnesses as well as the verdict of the jury, and which said verdict was the result of sympathy for the plaintiff, prejudice against the defendant, or other improper motives. Nor do we feel warranted in accepting the evidence of the defendant's witnesses to the effect that the substation did not affect the value of plaintiff's home. They were no doubt honest in their opinions and perhaps showed a better knowledge and familiarity than plaintiff's witnesses with values of real estate in that locality, yet it cannot be questioned that a would be purchaser or renter would purchase or rent the property more readily and pay more for it in the absence of the substation which is in such close proximity and which, as in effect found by the jury, produced a continuous and annoying noise even if slight. We think the verdict is excessive and the trial court should have granted the motion

for a new trial or directed a reduction of the verdict conditionally, but we are not willing to accept appellant's contention that there was no damage. . This being the only reversible error disclosed by the record, under section 6150 of the Code of 1923, we fix the damage at $600 and, if the plaintiff files with the clerk of this court within thirty days a remittitur of all damages in excess of said $600, the case will be affirmed, otherwise the judgment of the circuit court is reversed and the cause is remanded.

Affirmed conditionally.

GARDNER, BOULDIN, and FOSTER, JJ., concur.