28 So.2d 726

TENNESSEE COAL, IRON & RAILROAD CO. v. RAY.

6 Div. 463.

Supreme Court of Alabama.

Dec. 19, 1946.

500

Benners, Burr, Stokely & McKamy and Greye Tate, all of Birmingham, for appellant.

Taylor, Higgins, Koenig & Windham, of Birmingham, for appellee.

FOSTER, Justice.

The only question on this appeal is whether the amount of damages assessed by the jury was so excessive as to demand a reduction or a new trial.

Appellant was sued by appellee for damages to his surface rights in a five acre tract of land, where he lived, caused by caving of the roof of mining operations, which had been conducted by defendant under it. Liability is not denied, but was admitted on the trial, and there was no exception taken which is insisted on, except the denial of a motion for a new trial on account of the excessive amount of damages by the jury. That amount was $1500.00.

The five acre lot was given appellee by his father in 1923, and he built a dwelling house on it in 1925, costing about $1800.00, where he resided since then. He has for a long time been a miner employed by appellant. His place is two miles from Docena, in Jefferson County, and there is extending by it a good road and mail route, with a school bus operating on it. He has electricity, but no equipment for water works in his house. In August 1944, his well of water went dry, and a good spring on his property did likewise. They had supplied an ample amount of water for all his purposes. That left him without any water on his place. The nearest water supply was at Docena. There then also appeared numerous and extensive cracks in the surface, and his house came to be out of plumb.

It is conceded that these conditions were caused by defendant in or about the operation of the coal mine under the surface.

The only question submitted to the jury was the amount of the depreciation in the value of the property caused by defendant.

Plaintiff and defendant both had the benefit of the expert opinion of real estate men who were apparently disinterested.

The two for plaintiff testified that the property was worth $2750.00 to $3000.00, with water as it was before this occurrence, and $1250.00 to $1500.00 afterwards, and without water. The three for defendant testified that it was worth $1250.00 to $1750.00 with the water, and $937.50 to $1500.00 without it. They disagreed with the witnesses for appellee on its value with the water, but did not materially differ from them on its value without the water.

■ The jury was likewise capable of forming their own opinion as to the effect of the permanently cutting off the only supply of water from such property. The evidence of value was but an opinion, and is not conclusive on juries even when it is without conflict. Obear Nestor v. Mobile Drug Co., 208 Ala. 618, 95 So. 13; Commonwealth Life Ins. Co. v. Harmon, 228 Ala. 377, 153 So. 755. The jury should not fail to apply their own personal opinion in regard to such matters, drawn from everyday observation and experience. Westerfield & Meeks v. Catlett, 153 Miss. 228, 120 So. 458; Richardson v. Stinson, 211 Ala. 254, 100 So. 209.

Appellant insists that the opinion of the court on motion for a new trial shows that the court thought that the amount of the damages was excessive unless consideration is given to what the court considered was a claim of special damages for inconvenience and annoyance by reason of the extra effort in having to go several miles to haul water. The complaint, as pointed out in the opinion, claims also as follows: "And plaintiff was otherwise injured and damaged in the use, possession and enjoyment of ownership of said property." There was proof of such inconvenience resulting from hauling water for two to three miles for domestic use. The court expressed the thought that there was thereby injected such additional element of damages on the authority of Birmingham Water Works Co. v. Martini, 2 Ala.App. 652, 56 So. 830; and Yolande C. & C. Co. v. Pierce, 12 Ala.App. 431, 68 So. 563.

There are authorities which seem not to agree with the cases cited above by the Court of Appeals. Alabama Power Co. v. Stringfellow, 228 Ala. 422, 153 So. 629; Mobile & O. R. Co. v. Turner, 209 Ala. 667, 96 So. 707.

But the latter case refers to Jefferson Fert. Co. v. Rich, 182 Ala. 633, 62 So. 40, which recognizes the right to recover for personal injury resulting from such nuisance which causes damages to the residence, in addition to the depreciation in the value of the property. There seems to be some confusion in the cases on that subject. This difference of opinion is brought out in Tennessee Coal, Iron & R. Co. v. Wilhite, 211 Ala. 195, 100 So. 135(4 and 5). The case of City of Birmingham v. Prickett, 207 Ala. 79(6), 92 So. 7, does not seem to be in accord with some of the other cases cited. The case of Beam v. Birmingham Slag Co., 243 Ala. 313(3), 10 So.2d 162, refers to the liability as being twofold: (1) to the person, and (2) to the property, as provided in section 1087, Title 7, Code 1940. This includes annoyance, discomfort, and the like, suffered by the person.

■■ But that matter was not submitted to the jury in the charge of the court, and therefore we cannot assume that they included in the amount awarded an item for inconvenience and annoyance in addition to the depreciation in the market value of the property caused by the neglect of defendant, as claimed in the complaint. The court charged the jury in substance that the amount of their verdict should be measured by the difference between the reasonable market value of the land, including the improvements, before and after the damage caused by the condition for which defendant was responsible. There were no special charges given nor requested in this connection. We cannot therefore presume that the jury added anything for inconvenience and annoyance as a special item of damages, though that status may have been considered, as it should, in arriving at the depreciated value of the property after its loss of water supply and other damage.

We think that the jury must have given attention to that circumstance in arriving at their conclusion. Values of that kind are essentially jury questions, dependent upon opinion evidence in connection with

502

the physical facts developed, appealing also to the experience and observation of the jurors.

We do not think that the trial court meant to express the view that the amount was excessive without a consideration of the item of special damages. He did not say so. It seemed to have been in the nature of a supporting circumstance.

We are not willing to disturb the conclusion of the judge and jury in this case.

We have recently given consideration to similar cases in Tennessee Coal, Iron & R. Co. v. Aycock, ante, p. 498, 28 So.2d 417, and Woodward Iron Co. v. Mumpower, post, p. 502, 28 So.2d 625.

Since no other question is presented, the judgment is affirmed.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.