This appeal arises from the denial of an injunction sought by homeowners to prevent the chiming of certain electronic bell tones (incorrectly referred to in the record and herein as a "carillon"). We affirm.
Protective Life Insurance Company constructed a bar carillon at its offices in downtown Birmingham in 1961. When these offices were moved south of town, to the Office Park area, in an enclave of Jefferson County between the cities of Mountain Brook and Homewood, in 1976, a new carillon was constructed. The bell sounds are broadcast through 16 loudspeakers, and at peak amplification, can be heard up to three miles away. After an initial cacophonous period, the chimes have been played at approximately half volume, and for only one fifteen-minute period (beginning at 12:15 P.M.) per day — five days a week.
Plaintiffs-Appellants all live within the Watkins Road area which is in close proximity *Page 1152 
to Protective's offices and carillon. (Though separated by a two-lane street, known as Cahaba Road, and a narrow, wooded area, known as Jemison Park, the Watkins Road area and the carillon are on adjacent hillsides.) Appellants sought an injunction to prevent the playing of the carillon, contending that it is both "offensive" and injurious to them. The evidence shows, however, that the bells could be but faintly heard in this "quiet and peaceful residential neighborhood." Appellants contend that the playing of the carillon is both a nuisance and a breach of their right of privacy.
The trial Court, in its findings of fact, held that:
 "The Protective carillon does not cause any discomfort, inconvenience, hurt or damage; . . . it has not caused any injury or damage to the person or property of any of the Plaintiffs or anyone else; it has not caused any material annoyance or inconvenience to the occupants of dwellings in the Watkins Road area rendering them physically uncomfortable; it does not materially interfere with the ordinary comfort of human existence. . . .
 "There is no credible evidence to support any inference that any future use of the carillon by Protective will constitute a nuisance."
A general statement of the common law of nuisance is incorporated in Tit. 7, § 1081, Code, as follows:
 A nuisance is anything that worketh hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful does not keep it from being a nuisance. The inconvenience complained of must not be fanciful, or such as would affect only one of fastidious taste, but it should be such as would affect an ordinary reasonable man.
The law of nuisance rests upon the principle that every man must so use his property as not to injure that of his neighbor.Farris McCurdy v. Dudley, 78 Ala. 124, 127 (1884). This statement, however, presupposes a finding of injury to the complainant, and the trial Court has found none in the case before us.
It is undisputed that noise may constitute a nuisance.Alabama Power Co. v. Stringfellow, 228 Ala. 422, 153 So. 629
(1934); Harris v. Randolph Lumber Co., 175 Ala. 148, 57 So. 453
(1912); 58 Am.Jur.2d, Nuisances, § 63; and 66 C.J.S. Nuisances
§ 22. It is not every unpleasant noise, however, which creates a cause of action; and this for the reason that some injury must obtain.
As has been shown, the trial Court found no injury. This was a highly disputed fact, and, under our ore tenus rule of review, the Court's finding must not be disturbed where it is supported by credible evidence, unless it is palpably wrong and manifestly unjust. Robertson v. Fincher, 348 So.2d 466 (Ala. 1977); Francis v. Tucker, 341 So.2d 710 (Ala. 1977), andAlabama Power Co. v. Martin, 341 So.2d 695 (Ala. 1977).
Support for the trial Court's decree is manifest on the record. The several Appellants, after the initial adjustment period, heard the carillon only a few times. Even more rarely could it be heard indoors. Though disputed, testimony revealed that the value of the Appellant's property was not reduced. Therefore, because there is ample evidence in support of the trial Court's decree, it cannot be set aside.
Moreover, an injunction is not a matter of right; instead, it is one of grace. City of Mobile v. Farrell, 229 Ala. 582,158 So. 539 (1934). The determination of whether to grant an injunction rests within the sound discretion of the trial Court, and, absent abuse, this will not be set aside on appeal.Pritchett v. Wade, 261 Ala. 156, 73 So.2d 533 (1954), and Cortev. State, 259 Ala. 536, 67 So.2d 782 (1953). No evidence of abuse has been shown, however.
Thus, Appellants are met at the outset with two independent, determinant doctrines *Page 1153 
which require the affirmance of the trial Court's decree. This is not to say that future raucous chimings may not be enjoined. The trial Court found evidence of future interferences merely speculative, and, therefore, no injunction would lie. Tit. 7, § 1083, Code ("consequences not merely possible, but to a reasonable degree certain."). See City of Tuscaloosa v.Standard Oil Co., 221 Ala. 670, 130 So. 186 (1930); Higgins Courtney v. Bloch, 216 Ala. 153, 112 So. 739 (1927), and McHanv. McMurry, 173 Ala. 182, 55 So. 793 (1911).[1] Should there be any material rise in volume, so as to cause injury, an injunction may well be the proper instrument to abate the nuisance. The fact that Protective deems these chimes a pleasant and sonorous interlude is not, of course, prohibitive of such action.
The Appellants next contend that the trial Court must amend its findings of fact to recite certain uncontroverted evidence. Rule 52 (b), ARCP, states that "the court may amend its findings." (Emphasis added.) Such language is in no respect mandatory. Findings of fact, where made by the trial Court, need merely substantially cover the findings made the basis of the court's decision. 5A Moore's, Federal Practice, ¶ 52.11[2] (1975); and Wright and Miller, Federal Practice and Procedure, § 2582 (1971). Additional findings, necessitated by the decree, will be presumed, where the evidence of record is supportive of such findings. White v. White, 11 A.B.R. 2688 (Ala. 1977).
The Comparative Injury Doctrine is not applicable to the situation before us; and this for the reason that a prerequisite to its utilization — i.e., a preliminary determination that a nuisance has been effectuated — is absent. This doctrine is used to determine whether the nuisance, once established, is actionable. Clifton Iron Co. v.Dye, 87 Ala. 468, 6 So. 192 (1888); and Prosser, Torts, § 90 (4th Ed. 1971). See also Daniels v. Chapuis, 344 So.2d 500
(Ala. 1977).
Moreover, even should this doctrine be utilized, a reversal of this case is not mandated. The trial Court found, upon the evidence (the testimony of William J. Rushton, III), that the carillon produced good will for Protective. While the evidence in this regard is scanty and somewhat contradictory, it more than offsets the position of the Appellants because they were found to have suffered no injury. Thus, a balancing of the equities results in a decree of dismissal.
The final issue raised by the Appellants concerns the alleged invasion of their right of privacy. Though it would be better practice for the trial Court to specifically rule on this matter, a failure to do so is not reversible error where the cause is not well placed.
The right of privacy is based upon rights guaranteed by the Fifth, Ninth and Fourteenth Amendments of the United States Constitution. Greenwald, Environmental Law, Practice andProcedure Handbook (1976). It is State action, however, which the Fourteenth Amendment proscribes. Civil Rights Cases,109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883), and Rainey v. FordMotor Credit, 294 Ala. 139, 313 So.2d 179 (1975). The fact that a building permit was granted to Protective to construct the carillon does not call into play the substantial State interest required. See Moose Lodge No. 107 v. Irvis, 407 U.S. 163,92 S.Ct. 1965, 33 L.Ed.2d 627 (1972).
Because the trial Court found that the Appellants suffered no injury, the instant decree is due to be affirmed. We most strenuously emphasize, however, that even "bells sweetly ringing" may, under proper circumstances, constitute an actionable nuisance; for, surely, what is "music" to one ear may well be "noise" to another.
AFFIRMED. *Page 1154 
TORBERT, C.J., and MADDOX, J., concur.
BLOODWORTH and BEATTY, JJ., concur in result.
[1] For the most recent announcement of this Court as to the caution used in enjoining prospective nuisances, see Johnson v.Bryant, 11 A.B.R. 2813 (Oct. 13, 1977).