Two employee defendants appeal from a circuit court judgment which granted injunctive and other relief to their former employer for breach of a non-competition clause in their employment contracts. We affirm.
The employees had each signed written employment agreements and each contract contained a covenant not to compete with their employer in the pest control business for a period of two years after the termination of their employment in designated areas of Alabama.
The defendant Dobbins quit as Ozark area manager for Getz on May 31, 1978, while the defendant Enfinger continued to work until August or September 1978, when he too resigned from the plaintiff's employment as their then area manager in Ozark.
Both employees had worked for many years in the exterminating business in the Ozark area and were very familiar with their employer's routes and customers. They had first been in the pest control employ of Bob Warren, or one of his companies, which business, including goodwill, *Page 1137 
was totally purchased in 1977 by Getz, or one of its wholly-owned subsidiaries.
Getz had offices in several locations in Alabama, including Ozark and Dothan. On January 31, 1979, they closed their office as such in Ozark, but maintained a telephone on the Ozark exchange that would ring and be answered by their employees in Dothan. Pest control services were still provided to the general public in the Ozark area by Getz administratively through their Dothan office. Their actual field exterminators who worked the Ozark area lived in Dale County.
On February 1, 1979, the defendants, in partnership with each other, opened a pest control business in Ozark in competition with Getz. The defendant Dobbins testified at the temporary injunction hearing on April 23, 1979, that from February 1 until April 23, their business had so expanded that his monthly income therefrom was $2,500, and that from sixty to seventy percent of their customers had previously been serviced by Getz.
On appeal several issues have been presented for our decision.
 I
The defendants contend that they are professionals and, therefore, they are members of a lawful profession and have immunity from being so enjoined because of the provisions of §8-1-1 of the Code of Alabama (1975) which provides:
 (a) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind otherwise than is provided by this section is to that extent void.
 (b) One who sells the good will of a business may agree with the buyer and one who is employed as an agent, servant or employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city or part thereof so long as the buyer, or any person deriving title to the good will from him, or employer carries on a like business therein.
 (c) Upon or in anticipation of a dissolution of the partnership, partners may agree that none of them will carry on a similar business within the same county, city or town, or within a specified part thereof, where the partnership business has been transacted.
The defendants consider themselves as professionals and feel that they are so designated by the provisions of that chapter in our 1975 Code entitled "Entomology, Plant Pathology, Horticulture, Floriculture and Tree Surgery." In such code chapter, certain code sections use phrases such as "persons engaged in professional services or work as defined in this chapter." § 2-28-3, Code of Alabama (1975).
We disagree with such contentions. The word "profession" so used in said § 8-1-1 means much more than such terms utilized in said Title 2, Chapter 28. The defendants are engaged in a business not a profession. Odess v. Taylor, 282 Ala. 389,211 So.2d 805 (1968); Chief Justice Torbert's plurality special concurring opinion in Burkett v. Adams, 361 So.2d 1, 3 (Ala. 1978). Each of them may be professionals in their business in the sense that they may have worthily attained excellence as to knowledge, skill, training, expertise, proficiency and experience in the pest control field; but this would not convert their pest control business into a profession. There are multitudes of businesses, but few professions.
 II
Next, the defendants contend that the employer is estopped to enforce the covenant not to compete.
Estoppel is an affirmative defense which must be especially pled. Rule 8 (c) ARCP. It was not pled in this case; indeed, we have searched the record and do not find that estoppel was raised in the circuit court. Hence, we do not consider such question which was raised for the first time in this court. Ala.Dig., Appeal Error § 169. *Page 1138 
 III
This issue is stated by defendants' counsel as, "Did the trial court err in deciding as a matter of law that the covenant not to compete was reasonable?"
Questions of fact were decided adversely to defendants by the trial judge. We are bound by his fact finding unless they were clearly and palpably wrong.
The record discloses through the judgments rendered as to the temporary injunction and as to the permanent injunction that certain express findings of fact were made by the circuit judge upon this issue, among such findings being the following:
 (A) The employment contracts were valid binding contracts supported by a valuable consideration.
 (B) The two-year restraint on competition by these employees was not an unreasonable restraint of trade.
 (C) The territorial restraint was limited by the court from a larger territory to only Dale County.[1]
 (D) The employer was still actively engaged in the pest control business in Dale County.
 (E) The restraint does not injuriously affect the public since others do compete and provide pest control services in Dale County. Any hardships imposed upon these employees as a result of the covenant were imposed on account of their conduct. The court expressly stated that there is not any likelihood that any of the employees will become a pauper or a public charge because of the enforcement of the covenant. The judge further found that the employer had a substantial protectable right unique in the business.[2]
We have reviewed the entire record and cannot reverse upon this point of contention since the evidence supports such findings or conclusions of facts as so ascertained by the trial judge.
 IV
After the hearing on the temporary injunction, the trial court ordered, on April 24, 1979, that a temporary injunction issue against these two employees and others. This judgment did not mention a bond. On April 30, 1979, the judge ordered that the temporary injunction not take effect except and until Getz made proper bond in the amount of $20,000. Such bond was filed by Getz and duly approved on May 29, 1979. No bond was required when the injunction was made final after additional evidence was heard orally by the court.
The defendants contend that the court erred in ordering that the temporary and final permanent injunctions issue without bond.
From April 24 to April 30, the court was in error since Rule 65 (c) ARCP requires the giving of security by the applicant before a preliminary injunction shall issue. Such error was cured by the action of the trial court on April 30 in requiring bond before the temporary injunction became effective.
The six day error is now harmless at this stage of the litigation; it is error without injury, especially since the temporary injunction was subsequently ratified into a final permanent injunction. Rule 45, ARAP.
The appellants do not argue, nor do they cite any authority, that a bond was required of Getz when the judge rendered the final injunction. We know of no rule, statute or case which requires a bond by the winning party under such circumstances in controversies of this nature.
 V
Damages were awarded by the court in favor of the employer and against the defendant Dobbins in the amount of $1,500 and against the defendant Enfinger in the amount of $750. *Page 1139 
In awarding damages for the pre-injunction breach of contract (from February 1 until the bond was approved), we cannot hold that the trial judge was clearly and palpably wrong. There was evidence (some of which being not before this court) upon which the trial court could readily base such judgments. Most damaging was the evidence of the defendant Dobbins heretofore referred to as his $2,500 monthly income from the young business, with sixty to seventy percent of their customers having been previously serviced by Getz.
Earnest and dedicated counsel for these two defendants have diligently presented learned argument to this court. We have duly considered each of the five issues raised and do not find error in any of them. We, therefore, must affirm.
The foregoing opinion was prepared by retired Circuit Judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama (1975). His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.
[1] This is permissible action by the trial court. CullmanBroadcasting Co. v. Bosley, 373 So.2d 830, at 835 (Ala. 1979).
[2] Thus the court ascertained that the three elements existed which are necessary before a covenant not to compete is enforceable. Cullman Broadcasting Co. v. Bosley, supra, at 836.