SHORES, Justice.
Ora Wheeler[1] filed a complaint in the Circuit Court of Mobile County seeking to enjoin the sheriff from selling certain property described in the complaint to satisfy a judgment rendered in favor of Commercial Guaranty Bank in the District Court of Mobile County.
The complaint in the circuit court alleged that service of process was never perfected on Ora Wheeler and that the district court had refused to set aside a default judgment in favor of the bank on motion of Mrs. Wheeler.
In her complaint seeking a temporary restraining order, Mrs. Wheeler alleged that she had a “good and adequate defense at law and in equity” to the bank’s claim.
The trial court issued a temporary restraining order and held a hearing on the complaint after which it entered its order denying a permanent injunction. The appeal is from this order.
It is the appellant’s contention that the trial court erred to reversal in denying a permanent injunction. The basis of that contention is that the district court erred in refusing to set aside the default judgment and, thus, she is entitled to a permanent *115 injunction prohibiting the bank’s executing on that judgment.
The record shows that at the hearing on the appellant’s complaint seeking a permanent injunction, the trial court made these observations:
It was brought to my attention through this T.R.O., temporary restraining order, that you were not legally or properly served in the lower court. If your attorney is correct in that regards the judgment they got in the lower court would be what we call void ab initio, ... void from the beginning, as if it didn’t happen .... If his service is good I’m going to leave it stand exactly as it is. If his service is not, then I won’t even have to issue an order, he’s a bright young man and he knows all he would have to do is to re-serve you and go through the process again and get his judgment again.
Thereafter, the trial court entered its order denying the permanent injunction.
On this state of the record, we cannot say that the trial court erred in denying the permanent injunction. The proceedings held in the district court are not before us, and we have only the record made in the circuit court. We cannot go beyond this record. We have only the allegations of the complaint in the circuit court wherein Mrs. Wheeler alleged that her motion to set aside the default judgment in the district court had been denied.
Based upon the record before us, we are compelled to conclude that the trial court did not err to reversal in denying a permanent injunction.
Although a defendant might be entitled to have a default judgment set aside if service of process was not perfected under Rule 4, Alabama Rules of Civil Procedure, it does not follow that that person is entitled to an injunction enjoining the plaintiff from executing on that judgment. We have said many times that an injunction is not a matter of right and whether to grant an injunction rests largely within the sound discretion of the trial court. Acker v. Protective Life Ins. Co., 353 So.2d 1150 (Ala.1977).
If the judgment entered against Mrs. Wheeler in the district court is void because she was never served in that court, she has a remedy to have it set aside. She is not entitled to relief by way of injunction as a matter of right. The case before us involves a collateral attack on that judgment.
The judgment appealed from is affirmed.
AFFIRMED.
MADDOX, JONES and BEATTY, JJ., concur.
TORBERT, C. J., concurs in the result.

. While the style indicates two appellants, only one has an interest in this appeal; this opinion is directed toward her claim.