Paint Rock Properties appeals from a final judgment permanently enjoining it from accelerating payments and foreclosing *Page 983 
a mortgage on account of the late remittance of the 1980 annual installment payment on a 23 March 1979 note secured by that mortgage. The mortgage was on 578 acres owned by plaintiffs C. Burrel Shewmake and Charlotte S. Shewmake. It secured a $69,000 note payable to Paint Rock Properties in 30 annual installments of $6,129.09 due on the 23rd of March each year. Both the note and mortgage contained an acceleration clause providing that, at the option of the payee, the entire remaining principal and interest would be immediately due and payable in the event of default in the payment of any installment of principal or interest.
Larry W. Alley and Jerry S. Gillespie were the original partners of Paint Rock Properties, the partnership to which the note was payable. Jerry S. Gillespie died on 2 March 1980, and on 20 March 1980 his brother Michael Gillespie was appointed executor of the last will and testament of Jerry S. Gillespie, deceased.[1]
Claims in excess of $300,000 were filed against the estate. The estate, although solvent, was illiquid because there were not enough liquid assets or cash to meet its then current obligations.
The Shewmakes failed to make their first annual installment payment due on 23 March 1980. On 18 April 1980, they received a letter advising them that the status of Jerry S. Gillespie's financial affairs and obligations at his death required that action be taken by the partnership. The letter stated that the note was in default; the entire outstanding balance of principal and interest was immediately due and payable because the installment payment had not been received when due; and foreclosure will be effected by advertisement in the Huntsville Times. On 25 April 1980, Mr. Shewmake acknowledged failure to make the installment payment when due but stated that it was an oversight. He tendered a check representing two annual payments on the note and an additional $300 for legal and advertising expenses incurred by the mortgagees.
The partnership commenced foreclosure proceedings by publishing notice of foreclosure in the Huntsville Times. Substantial improvements had been made on the property by the Shewmakes during the year of their possession and Mr. Shewmake testified that it was now worth approximately five million dollars.
The Shewmakes petitioned the trial court to enjoin foreclosure of the mortgage on grounds that: (1) when notified of the delinquent payments they had tendered payments due on both 23 March 1980 and 23 March 1981 plus $300 as compensation for legal and advertising expenses; and (2) the foreclosure under the power of sale in the mortgage was being used against equity and good conscience for purposes other than merely to secure repayment of the debt. The trial court, on the basis of oral testimony and documentary evidence, permanently enjoined appellant partnership from instituting or continuing foreclosure proceedings in connection with the delinquent payment of the 23 March 1980 installment, and upon condition that plaintiffs Shewmakes promptly tendered one year's payment of principal and interest on the note, and further enjoined the exercise of any option to accelerate or otherwise advance the payments due under the note and mortgage.
The issue before this court is whether the trial court erred to reversal by enjoining the foreclosure based upon the evidence before it.
The law relevant to an action to enjoin a foreclosure under a power of sale is clearly stated in Abel v. Fricks, 219 Ala. 619,123 So. 17 (1929):
 Generally the purpose for which the power of sale is given being to afford an additional and more speedy remedy for the recovery of the debt, the mortgagor is by the contract bound to exercise *Page 984 
necessary promptness in fulfilling it and cannot complain of a legitimate exercise of the power. If in any case it is attempted to pervert the power from its legitimate purpose and to use it for the purpose of oppressing the debtor or of enabling the creditor to acquire the property himself, a court of equity will enjoin a sale or will set it aside if made. Wittmeier v. Tidwell, 147 Ala. 354, 40 So. 963, and authorities there cited. Or, as was said in the case of Castleman v. Knight, 215 Ala. 429, 110 So. 911: `If he uses the power to sell, which he gets for that purpose, for another purpose, from any ill motive, to effect means and purposes of his own, or to serve the purposes of other individuals, the court considers that to be what it calls a fraud in the exercise of the power, because it is using the power for a purpose foreign to the legitimate purposes for which it was intended.'
Evidence upon the basis of which the trial court issued the injunction was taken ore tenus. When evidence is adduced oretenus, the judgment of the trial court must be affirmed if fairly supported by the evidence under any reasonable aspect of it, regardless of what the reviewing court's view of the evidence might be. Libscomb v. Tucker, 294 Ala. 246,314 So.2d 840 (1975). Putting the rule differently, the trial court's finding must not be disturbed unless it is palpably wrong and manifestly unjust. Acker v. Protective Life Ins. Co.,353 So.2d 1150 (Ala. 1977).
From the evidence of record in this case it is evident the permanent injunction was based upon findings, supported by the evidence, to the effect that the foreclosure and power of sale were being used to pervert those powers from their legitimate purpose of affording an additional and more speedy remedy for the recovery of the debt. Rather, they were being employed either to oppress the debtor or to enable the creditor itself to acquire the property. We cannot say the trial court was in error in reaching this result.
Additionally, a petition for injunctive relief is directed to the sound discretion of the trial court under the facts and circumstances of the particular case. City Council of the Cityof Prichard v. Cooper, 358 So.2d 440 (Ala. 1978). We find no abuse of that discretion under the particular facts of this case. Therefore, the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
FAULKNER, ALMON, BEATTY and ADAMS, JJ., concur.
[1] It appears from the record that the estate of Jerry S. Gillespie, deceased, substituted itself for the decedent and entered into a partnership with Larry W. Alley under the same terms and conditions, with the same rights and obligations as had been the case with Gillespie and Alley when Gillespie was living.