PER CURIAM.
Tillman was appointed by the Sheriff of Mobile County as a corrections officer, the appointment becoming effective on September 15, 1980. The position is a classified one under the Mobile County Personnel Board. Before his appointment, Tillman was certified, along with other candidates, as being eligible for the appointment. Under Personnel Board rules, he was required to undergo a medical and physical examination. Since 1963, the Board has established minimum acceptable medical standards for various jobs.
Upon examination, the examining physician rated Tillman Class A (the highest classification) except for being blind in the left eye. The medical standards adopted by the Board in 1963 place corrections officers [then called jail guards] in Group II and require the following:
Minimum vision for Jail Guards is 20/40 one eye and 20/30 the other eye, without glasses. Minimum acceptable vision for other positions is 20/40 one eye and 20/100 the other eye, with or without glasses. For most positions lack of vision or loss of either eye_CLASS D. Applicants who have loss of vision of either eye shall not be disqualified if in the opinion of examining physician and the Director, it would not be detrimental to the proper performance of duty and would not constitute a hazard to the applicant or to others.
In addition to these standards established in 1963, the Board adopted in 1979 a policy and published it in its guide to examining physicians for their use in classifying examinees:
It is the policy of the Personnel Board for Mobile County to encourage and enable the blind, the visually handicapped, and the otherwise physically disabled, to engage in remunerative employment in positions under the jurisdiction and control of the Mobile County Personnel Board. It is the further policy of the Board that the blind, the visually handicapped, and the otherwise physically disabled, shall be eligible for employment in Merit System positions under the jurisdiction of the Mobile County Personnel Board on the same terms and conditions as the able-bodied, unless it is shown that the particular disability prevents the performance of the work involved.
The sheriff and Tillman filed this action seeking a declaratory judgment and injunc-tive relief after the respondent Richardson, personnel director, refused to place Tillman’s name on the payroll or certify the payroll.
The trial court initially granted a temporary restraining order and after a full hearing, entered an order directing the director to place Tillman’s name on the payroll. The director appealed. We affirm.
The evidence was uncontradicted that Tillman’s loss of vision in one eye did not affect his ability to perform the duties of a corrections officer. The director simply takes the position that the medical standards adopted in 1963 compel the conclusion that a person with vision in only one eye is ineligible. First of all, that position ignores the last sentence in the standards dealing with vision, which says:
*912 Applicants who have loss of vision of either eye shall not be disqualified if in the opinion of the examining physician and the Director, it would not be detrimental to the proper performance of duty and would not constitute a hazard to the applicant or to others.
It also ignores the provision included in the Board’s guide to examining physicians which states:
It is not the intention of the Personnel Board to deny employment to any physically handicapped person unless in the opinion of the examining physician the handicap would prevent the proper performance of duty or would present a hazard to the employee himself, or to others.
In this instance, the examining physician was of the opinion that it was not detrimental to the performance by Tillman.
In fact, the record shows without contradiction that Tillman performed the exact same functions for several years before the job was placed under the merit system, and his loss of vision had no detrimental effect on his performance. The director does not challenge this fact and offered no evidence to the contrary.
The position taken by the director that the decision is his alone to make is not consistent with the language adopted by the Board. Neither is his interpretation of the standards consistent with the policy adopted by the Board in 1979 with regard to handicapped persons. At the very least, an ambiguity exists which the trial court resolved against the Board, which adopted both documents. We cannot say that its conclusion was wrong. Acker v. Protective Life Insurance Co., 353 So.2d 1150 (Ala.1977).
Appellant’s contentions that reversal is required because of alleged irregularities in the original complaint are not well taken. Upon examination, we find that it substantially complied with ARCP 65(b) and, even had it not technically done so, no injury resulted in this case, since a full hearing with notice to all parties was held, which resulted in the TRO granted on the original complaint being made permanent. See ARAP 45 and Dobbins v. Getz Exterminators of Alabama, Inc., 382 So.2d 1135 (Ala.Civ.App.1980).
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.