Henry Sheffield appeals from the trial court's denial of his request for injunctive relief in his case against Allen Stoudenmire based on an alleged breach of a noncompetition provision in an employment contract.
Sheffield is the principal stockholder and chairman of Gold Bond Insurance Agency (hereinafter "Gold Bond"), located in Thomasville, Alabama. On December 30, 1987, Sheffield entered into an employment agreement with Stoudenmire. The employment contract contained a noncompetition provision, which stated that Stoudenmire agreed to "not enter into a business as employee, investor, partner, or shareholder competing in any way with employer [Sheffield/Gold Bond) while employed and for 60 months following the termination, within 50 miles of Thomasville, Alabama." This agreement was to be for one year and would "renew automatically for one-year period[s] thereafter until terminated in writing by either party at least ninety (90) days prior to the renewal date." On September 29, 1988, after Stoudenmire had been in Sheffield's employ for approximately nine months, Sheffield terminated the employment agreement with Stoudenmire and notified Stoudenmire in writing of his termination, to be effective December 30, 1988.
On February 15, 1989, Stoudenmire entered into a partnership, which is operating as West Alabama Insurance Agency, a general insurance agency located in Thomasville. On March 6, 1989, Sheffield sued Stoudenmire, seeking to enjoin Stoudenmire from engaging in the insurance business within 50 miles of Thomasville until January 1, 1994,[1] and seeking $10,000 in damages. On May 11, 1989, after a hearing on the issue of permanent injunctive relief, the trial court denied the injunctive relief. The court did not give a reason for the denial. Sheffield appeals; see Rule 4, A.R.App.P. The claim for damages has not been dealt with.
On appeal, Sheffield argues that he is entitled to injunctive relief. This Court has previously stated:
 "[Section] 8-1-1, Code 1975, expresses the public policy of Alabama that contracts restraining employment are disfavored. DeVoe v. Cheatham, *Page 126 413 So.2d 1141 (Ala. 1982). This is so 'because they tend not only to deprive the public of efficient service, but tend to impoverish the individual.' Robinson v. Computer Servicenters, Inc., 346 So.2d 940, 943 (Ala. 1977). Nevertheless, the courts will enforce the terms of a covenant not to compete if:
"1. the employer has a protectable interest;
 "2. the restriction is reasonably related to that interest;
 "3. the restriction is reasonable in time and place;
 "4. the restriction imposes no undue hardship on the employee.
"DeVoe v. Cheatham, 413 So.2d at 1142.
 " 'In order to have a protectable interest the employer must possess "a substantial right in its business sufficiently unique to warrant the type of protection contemplated by [a] noncompetition agreement." ' Id. at 1142, citing Cullman Broadcasting Co. v. Bosley, 373 So.2d 830, 836
(Ala. 1979). In the case of a 'post-employment restraint,' as in the present case, justification, according to the Restatement (Second) of Contracts
§ 188, Comment B (1979), generally must be 'on the ground that the employer has a legitimate interest in restraining the employee from appropriating valuable trade information and customer relationships to which he has had access in the course of his employment.' Similarly, we have said that 'if an employee is in a position to gain confidential information, access to secret lists, or to develop a close relationship with clients, the employer may have a protectable interest.' DeVoe v. Cheatham, 413 So.2d at 1143."
James S. Kemper Co. v. Cox Associates, 434 So.2d 1380, 1384
(Ala. 1983).
 "The courts will not specifically enforce, as of course, the naked terms of a negative covenant in a personal service contract restricting other employment, unless, supporting the affirmative promise, the employer has a substantial right unique in his business which it is the office of the court to protect, and the restriction laid upon the employee has a reasonable relevancy to that result, and imposes no undue hardship. Hill v. Rice, [259 Ala. 587, 67 So.2d 789 (1953)].
". . . .
 "In Hill v. Rice, this court said each particular contract must be tested by determining on the facts of the particular case whether the restriction upon one party is greater than is reasonably necessary for the protection of the other party."
Robinson v. Computer Servicenters, Inc., 346 So.2d 940, 943
(Ala. 1977).
We conclude, after a thorough review of the record and upon application of the four-part standard in Kemper, that the provision at issue in this case is unenforceable.
 "Our supreme court has said that to have a protectable interest the employer must possess a substantial right in its business sufficiently unique to warrant the protection of post-employment restrain of an employee. It is generally stated that justification for such restraint must lie in the prevention of the appropriation by the employee of valuable trade secrets, information and customer relationship[s] gained or learned through his employment and which could be utilized in subsequent employment to the substantial detriment of the present employer."
Birmingham Television Corp. v. DeRamus, 502 So.2d 761, 764
(Ala.Civ.App. 1986) (citations omitted).
It is undisputed that Stoudenmire had access to the list of Gold Bond policyholders and the expiration dates of their policies. However, Stoudenmire did not take this information with him when he left the agency.
In view of the particular facts of this case, we do not consider the information Stoudenmire obtained during his one-year employment with Gold Bond to be so substantial or unique as to be a protectable interest. Neither do we find that the restriction from competing "in any way" with Sheffield for a period of 60 months within a 50-mile radius of Thomasville is reasonably related to Sheffield's interest. This restriction imposes an undue hardship on Stoudenmire, *Page 127 
who is 50 years old, married, and possesses significant financial obligations.
 "Our scope of review is limited. Granting injunctive relief under Rule 65, A.R.Civ.P., is within the trial court's sound discretion, especially when the facts are in dispute and evidence was presented ore tenus. Paint Rock Properties v. Shewmake, 393 So.2d 982 (Ala. 1981); City Council of City of Prichard v. Cooper, 358 So.2d 440 (Ala. 1978). The trial court's exercise of its discretion is subject to reversal when it is in violation of some principle of equity or based on misapprehension of controlling law. Lorch, Inc. v. Bessemer Mall Shopping Center, Inc., 294 Ala. 17, 20, 310 So.2d 872 (1975); McJenkin v. Central Bank of Tuscaloosa, N.A., [417 So.2d 153 (Ala. 1982)]."
Powell v. Phenix Federal Sav. Loan Ass'n, 434 So.2d 247, 251
(Ala. 1983).
The trial court did not abuse its discretion, and we hereby affirm the trial court's order denying Sheffield the injunctive relief he sought.
Sheffield filed a second notice of appeal, which is dismissed as redundant.
88-1204 AFFIRMED.
88-1205 APPEAL DISMISSED.
HORNSBY, C.J., and MADDOX, ADAMS and HOUSTON, JJ., concur.
[1] While the plaintiff asked that the defendant be enjoined until January 1, 1994, it would appear that by the terms of the agreement any injunction could have extended only until December 31, 1993.